# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. LISA ANN DAVIS, Defendant. | No. 15-CR-2028-LRR<br><br>**ORDER** |

## I. INTRODUCTION

The matter before the court is Defendant Lisa Ann Davis's "Motion in Limine" ("Motion") (docket no. 96).

## II. RELEVANT PROCEDURAL HISTORY

On October 27, 2015, the grand jury returned a Superseding Indictment ("Indictment") (docket no. 60) against Defendant and a co-defendant. The Indictment charged Defendant with conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846 (Count 1), attempted manufacture and aiding and abetting the attempted manufacture of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. § 2 (Count 2) and possession of pseudoephedrine with intent to manufacture and for use in manufacture in violation of 21 U.S.C. § 841(c)(1)-(2) (Count 3). Defendant has pleaded not guilty and a jury trial is scheduled to commence on November 17, 2015. *See* Amended Trial Scheduling Order (docket no. 65). On November 10, 2015, Defendant filed the Motion. On November 11, 2015, the government filed a "Resistance to Defendant Lisa Davis's Motion in Limine" ("Resistance") (docket no. 101). On November 12, 2015, the court held a final pretrial conference with the parties, during which they discussed the Motion. *See* November 12, 2015 Minute Entry (docket no. 105).

## III. ANALYSIS

Defendant requests pretrial rulings excluding the following evidence: (1) Defendant's prior convictions and (2) testimony of a government informant.

The court will address each issue in turn.

### A. Prior Convictions

Defendant argues that the court should exclude evidence of her 2003 convictions[1] for manufacture of methamphetamine and her 2005 conviction for possession of methampehetamine. Motion at 1. The government argues that Defendant's 2003 convictions are admissible under Rule 404(b) as proof of intent and knowledge. Resistance at 2. However, the government does not resist exclusion of Defendant's 2005 conviction for possession of methamphetamine. *Id.* at 7. Accordingly, the court grants the Motion to the extent it seeks to exclude evidence of Defendant's 2005 conviction for possession of methamphetamine. Evidence of the 2005 conviction for possession of methamphetamine will not be admitted.

Evidence of prior convictions is inadmissible to show that a defendant has a propensity for criminal conduct. *See* Fed. R. Evid. 404(b)(1). Despite this general prohibition, prior convictions are admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) is a rule of inclusion that prohibits the admission of evidence only when it is offered solely to prove a defendant's criminal propensity." *United States v. Molina*, 172 F.3d 1048, 1054 (8th Cir. 1999). For evidence of prior convictions to be admissible under Rule 404(b), it must be "(1) relevant to a

---

[1] The Motion refers to a single 2003 conviction. Motion at 1. However, in its Resistance, the government identifies two separate convictions for manufacture of methamphetamine in 2003. *See* Resistance at 2; *see also* Government Exhibit C (docket no. 101-1). The court will interpret the Motion as seeking exclusion of both 2003 convictions.

material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect." *United States v. Turner*, 781 F.3d 374, 389 (8th Cir. 2015) (quoting *United States v. Trogdon*, 575 F.3d 762, 766 (8th Cir. 2009)).

Defendant argues that her chosen defense—that she possessed pseudoephedrine for medical purposes—forecloses intent and knowledge from being at issue. Motion at 3. The court finds no basis for this argument. Defendant's knowledge and intent are essential elements of all three charges against her. *See* 21 U.S.C. § 841(a)(1) ("[I]t shall be unlawful for any person *knowingly* or *intentionally* to manufacture . . . a controlled substance." (emphasis added)); Eighth Circuit Manual of Model Criminal Jury Instructions § 6.21.846B (for attempted violations of—or conspiracies to violate—§ 841(a)(1), the government is required to prove, among other elements, "the defendant *intended*" to manufacture and "*knew* the material [s]he . . . intended to" manufacture was a controlled substance (emphasis added)); 21 U.S.C. § 841(c)(2) (making it unlawful for "[a]ny person who *knowingly* or *intentionally* possesses . . . [pseudoephedrine] *knowing*, or having reasonable cause to believe, that [it] will be used to manufacture a controlled substance" (emphasis added)). The court finds it unlikely that a defendant's chosen defense can effectively remove knowledge and intent from being material issues when those states of mind are essential elements of a charged offense. *See United States v. Walker*, 428 F.3d 1165, 1170 (8th Cir. 2005) ("The mere fact that [a defendant does] not actively dispute motive or intent [does] not preclude the government from offering otherwise admissible evidence as to these factors."); *United States v. Hill*, 249 F.3d 707, 712 (8th Cir. 2001) ("[A defendant's] attempt to remove intent as an issue in the case [does] not lift the Government's burden of proving [his] intent."); *United States v. Logan*, 121 F.3d 1172, 1178 (8th Cir. 1997) (finding evidence of prior drug possession admissible for proving

3

knowledge and intent "even if the defendant has not raised a defense based on lack of knowledge or lack of intent").

However, even if a defendant can adopt a defense to foreclose intent and knowledge from being at issue, Defendant's defense would not do so. Although Defendant does not deny purchasing pseudoephedrine pills, she does deny that she did so with the intent to use them for manufacturing methamphetamine or with the knowledge that they would be so used. As such, Defendant's intent and knowledge regarding the pseudoephedrine are unmistakably at issue in this case. The government proposes to use the evidence of the 2003 convictions to prove that Defendant knew the various materials in her possession (including pseudoephedrine) were components capable of manufacturing methamphetamine, that she intended to use those materials for that purpose and that she knew of her co-defendant's actions and intended consequences relating to the manufacture of methamphetamine. Resistance at 2-3. Such uses are relevant to the material issues of intent and knowledge in this case.

Likewise, the 2003 convictions—both for manufacturing methamphetamine—are clearly similar in kind to the instant charges of conspiracy to manufacture methamphetamine, attempted manufacture of methamphetamine and possession of pseudoephedrine with intent to manufacture and for use in manufacture of methamphetamine. And, although the prior convictions are twelve years old when viewed from November of 2015, they are far less attenuated when viewed from the beginning of the alleged conspiracy on August 2, 2010. As such, the court does not find the convictions to be overly remote in time. Further, the government has provided sufficient evidence of Defendant's conviction for the offenses, via documentation of the charging instruments and the orders of judgment entered as a result of her guilty pleas to each offense. *See* Government Exhibit C. Lastly, while Defendant argues that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, the court disagrees.

The court finds the evidence highly probative to the material issues identified by the government and finds a limiting instruction sufficient to alleviate any prejudice potentially resulting from admission of the evidence. *See United States v. Robinson*, 639 F.3d 489, 494 (8th Cir. 2011).

Accordingly, the court denies the Motion to the extent it seeks to exclude evidence of Defendant's 2003 convictions for manufacturing methamphetamine. Evidence of Defendant's 2003 convictions for manufacturing methamphetamine will be admitted upon proper foundation.

### B. *Testimony of Government Informant*

In the Motion, Defendant argues that the court should exclude testimony of a government informant regarding admissions made by her co-defendant that purport to implicate Defendant in the offenses charged. Motion at 4. Defendant contends that introduction of such testimony is barred by the Confrontation Clause of the United States Constitution. *Id.* at 4-5 (citing *Bruton v. United States*, 391 U.S. 123 (1968)). The government states that it will limit its questioning of the informant to elicit testimony of the co-defendant's admissions only to the extent that they implicate the co-defendant. Resistance at 8. The government details, by way of illustrative examples, the manner in which it will elicit testimony to exclude anything implicating Defendant. *Id.* At the final pretrial conference on November 12, 2015, counsel for Defendant agreed that, as outlined in the Resistance, the government's proposed method for questioning the government informant would adequately eliminate any *Bruton* issues otherwise posed by the testimony. Accordingly, the court denies the Motion to the extent it seeks to exclude the testimony of the government informant. The government may elicit testimony from the informant in the manner described in the Resistance.[2]

---

[2] On November 13, 2015, the co-defendant in the instant case filed a Notice of
(continued...)

## IV.  CONCLUSION

In light of the foregoing, Defendant Lisa Ann Davis's "Motion in Limine" (docket no. 96) is **GRANTED IN PART** and **DENIED IN PART**.

Each party is charged with the responsibility of cautioning its witnesses as to the substance of this Order.  If during the presentation of evidence a party believes that a prohibited subject has become relevant or that the necessary predicates for admission have been established, the party may request an opportunity to argue for admissibility of the evidence outside the presence of the jury.  Each ruling in this order is binding on all parties.

**IT IS SO ORDERED**.

**DATED** this 16th day of November, 2015.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

²(…continued)
Intent to Plead Guilty (docket no. 106).  The co-defendant's change of plea hearing is scheduled to occur on November 16, 2015 at 12:00 p.m.  *See* November 13, 2015 Text Order (docket no. 107).  Assuming the co-defendant's guilty plea is accepted, it is unclear how it will impact which witnesses the government intends to call at trial.  However, in the event the government does call the informant referenced in the Motion and in this Order to testify against Defendant, it shall elicit testimony in a manner consistent with this Order.